# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-3420
LT Case No. 2024-11589-CJCI

_____

GUARDIAN AD LITEM and
DEPARTMENT OF CHILDREN AND
FAMILIES,

    Appellants,

    v.

L.W., Mother of A.S., a Child and
V.S., Father of A.S., a Child,

    Appellees.

_____

On appeal from the Circuit Court for Volusia County.
David S. Wainer, III, Judge.

Rachel Batten, of Children's Legal Services, Brooksville, for
Appellant, Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and
Sarah Todd Weitz, Senior Attorney, of Statewide Guardian ad
Litem Office, Tallahassee, for Appellant, Guardian ad Litem o/b/o
A.S.

Richard F. Joyce, Special Assistant Regional Counsel, of Office of
Criminal Conflict and Civil Regional Counsel, Casselberry, for
Appellee, V.S., Father of A.S., a Child.

Valarie Linnen, Jacksonville, for Appellee, L.W., Mother of A.S., a
Child.

March 14, 2025

Soud, J.

The Guardian ad Litem, joined by the Department of Children and Families, appeals the trial court's Order as to Shelter, whereby the court denied the Department's sworn shelter petition and ordered the child at issue, A.S., returned to his mother.[1] We reverse, concluding the trial court erred in its determination that the Department failed to establish probable cause to shelter the Child and in its resulting denial of the Department's petition.

I.

A.S. was born September 27, 2023. Appellee L.W. is the Child's mother, and Appellee V.S. is the legal father identified on the Child's birth certificate. Importantly, at the time of the Child's birth—and at all times while this case was pending below—the Mother had an open 2019 dependency case involving four other children, all of whom were placed in out-of-home foster care and with whom the Mother was allowed only supervised contact. At the time the Department filed its petition, the Mother had not achieved substantial compliance with the Department's case plan and the goal for the four children was adoption.[2]

Shortly after the Child's birth, the Department engaged on the Child's behalf. Given the Mother's 2019 dependency case, the Father agreed to take responsibility for the Child. The Father was cautioned that the Mother could not care for the Child without supervision because of the 2019 dependency case involving the four

---

[1] We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A).

[2] The record before us indicates that since the filing of this appeal, the Mother has voluntarily surrendered her parental rights as to two children who were subjects of the 2019 dependency case, while the other two children remain in out-of-home foster care.

2

other children. Since the Father agreed to care for the Child, the Department did not seek to shelter the Child at birth.

Thereafter, in October 2024, the Mother and the Father began residing together at the Hope Place Shelter in Volusia County, Florida. The petition alleges that the Father ignored the requirement of the Mother having only supervised contact. Two weeks after beginning to live together, the Father was arrested by law enforcement, and the Mother removed the Father from the lease at Hope Place. The Child was left in the Mother's care.

Ultimately, after the Department's efforts to contact the Father failed, the Department filed its sworn shelter petition on November 8, 2024. Amongst other lengthy allegations of probable cause, including a years-long history of domestic violence, multiple arrests, mental health issues, unstable housing, and the Mother's expression to individuals providing service as part of the Department's case plan that she was unable to care for the Child, the Department identified the pending 2019 dependency case involving the Mother and four of her other children. Following a hearing, the trial court determined the Department had failed to establish probable cause for removal and ordered the Child to be returned to the Mother.

This appeal followed.[3]

---

[3] After the filing of this appeal, the Department filed a "Status Report Regarding Subsequent Shelter." The status report attached the trial court's Order as to Shelter (signed by a different presiding judge) whereby the Child was placed into the care of the Mother and the Father was allowed only supervised contact. This Order was born of the Father's arrest for aggravated assault with a firearm and possession of a firearm by convicted felon following a February 18, 2025 episode where it is alleged the Father pointed a firearm at the Child's maternal aunt while he was holding the Child. This order as to the Father is not subject of this appeal and appears to remain in full force and effect.

II.

We review de novo the trial court's order denying the Department's sworn shelter petition. *See Dep't of Child. & Fams. v. D.H.C.*, 360 So. 3d 454, 456 (Fla. 5th DCA 2023).

Florida law permits the sheltering of a child when "there is probable cause to believe that . . . [t]he child has been abused, neglected, or abandoned, or is suffering from or is in imminent danger of illness or injury as a result of abuse, neglect, or abandonment." *See* § 39.402(1)(a), Fla. Stat. (2024); *see also D.H.C.*, 360 So. 3d at 456 (quoting § 39.402(1)(a)). Pertinent here, the statute defines "abuse" to include:

> [T]he birth of a new child into a family during the course of an open dependency case when the parent . . . has been determined to lack the protective capacity to safely care for the children in the home and has not substantially complied with the case plan towards successful reunification or met the conditions for return of the children into the home.

§ 39.01(2), Fla. Stat. (2024).

Florida Rule of Juvenile Procedure 8.305(b)(3) provides that "[t]he issue of probable cause must be determined in a nonadversarial manner, applying the standard of proof necessary for an arrest warrant." *See D.H.C.*, 360 So. 3d at 457 (citing *Dep't of Child. & Fams. v. H.M.R.*, 161 So. 3d 477, 478 (Fla. 5th DCA 2014)). Thus, probable cause in the juvenile dependency context is a "fluid concept" that turns "on the assessment of probabilities in particular factual contexts" to determine whether there is "a reasonable ground of suspicion supported by circumstances strong enough in themselves to warrant a cautious person in belief that" a child has been abused or is in imminent danger of illness or injury resulting from abuse, abandonment, or neglect. *See D.H.C.*, 360 So. 3d at 457 n.3 (citations omitted).

In this case, as in *D.H.C.*, the plain language[4] of sections 39.402 and 39.01 dictates the conclusion that probable cause exists

---

[4] As has been well articulated in Florida courts, when interpreting Florida Statutes, we "follow the 'supremacy-of-text

as a matter of law that A.S. was in imminent danger of illness or injury resulting from abuse as contemplated by section 39.402(1)(a). And, of course, when a statutory text is clear and unambiguous in its requirements, "our 'sole function' is to apply the law as we find it." *See Alachua County v. Watson*, 333 So. 3d 162, 169 (Fla. 2022) (quoting *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021)).

It is not disputed in the record before us that: (i) the Mother's 2019 dependency case involving four other children remained open in the trial court; and (ii) the Mother had not yet substantially complied with the case plan towards successful reunification. This remains so even after the 2019 case has been pending for five years. Indeed, a termination hearing for two children in the 2019 dependency case was near when this appeal was filed, and the Mother has now voluntarily surrendered her parental rights as to the other two children. The goal as to all four of the children in the 2019 case is adoption.

As a result, because the criteria of section 39.01(2) have been met, and the Child has been born to the Mother who has been determined to lack the capacity to safely care for her children in the home, Florida law requires the conclusion that probable cause exists to find that the Child is at imminent risk of illness or injury resulting from abuse, abandonment, or neglect sufficient to warrant sheltering of the Child. *See* §§ 39.01(2), 39.402(1)(a), Fla. Stat. Thus, the trial court's determination to the contrary, and its resulting denial of the shelter petition, were error.

### III.

Since, as a matter of law, the Department established probable cause to shelter A.S., the trial court's order denying the

---

principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)).

Department's sworn shelter petition is REVERSED and this cause REMANDED WITH INSTRUCTIONS to the trial court to grant the petition and shelter A.S. in a licensed out-of-home foster care setting, as and to the extent requested by the Department.

It is so ordered.

JAY and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____